UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

GISELA VAZQUEZ,

                    Plaintiff,

      - against -

JET BLUE AIRWAYS CORPORATION; TIMOTHY      **AMENDED REPORT**
RUSSO, personally and in his capacity      **AND RECOMMENDATIONS**
of Supervisor of the Supply Chain
Department of Jet Blue Airways             09-CV-4270 (NG)(MDG)
Corporation; KENNETH HIGHLANDER,
personally and in his capacity of
Manager of the Supply Chain Department
of Jet Blue Airways Corporation; TERRY
INGLIS, personally and in his capacity
as Director of the Supply chain
Department of Jet Blue Airways
Corporation; JUSTIN SCHULTZ, personally;
ANDREW FRICCHIONE, personally; the
Company ABC, Insurance Company; JOHN
DOE; JANE DOE and other unknown
defendants,

                    Defendants.
- - - - - - - - - - - - - - - - - - - X

     By letter dated August 5, 2011, defendant Jet Blue Airways

Corporation requests that the Court dismiss plaintiff's complaint

with prejudice because of plaintiff's failure to comply with this

Court's orders to pay sanctions and provide discovery by August 5,

2011.  See ct. doc. 73.  For the following reasons, it is

respectfully recommended that the Court dismiss this case with

prejudice.


                         BACKGROUND

     The chronology of events in this action is set forth in

relevant part in prior orders of this court, but will be partially

reiterated here to provide necessary background.

Plaintiff pro se, Gisela Vazquez, filed this employment discrimination action in the District of Puerto Rico on February 27, 2009 against defendant Jet Blue Airways and several Jet Blue employees, alleging that defendants discriminated against her on the basis of age and national origin. See ct. doc. 32 (D.P.R. ct. doc. 1). On September 30, 2009, the matter was transferred to the Eastern District of New York. After her counsel in Puerto Rico withdrew, plaintiff was unable to secure new counsel and has been appearing pro se in this matter since January 2010. This Court has subsequently held seventeen telephonic conferences and set several discovery schedules. Progress in this matter has been sidetracked initially by efforts to settle and later by delay due to plaintiff's various health issues.

By Order dated March 11, 2010, the Court ordered, among other things, that "plaintiff must serve a completed questionnaire by 4/9/10" and set a July 30, 2010 discovery deadline. See Minute Entry dated March 11, 2010. Although Ms. Vasquez completed the questionnaire[1] in a timely fashion, she did not respond to defendants' interrogatories and document demands dated May 10, 2010. As reflected in a number of minute entries, she also failed to appear for a number of telephonic conferences and, in many instances, gave notice only on the eve of a conference or no notice at all. Initially, plaintiff did not participate because of medical problems she had. However, after plaintiff sent an e-mail indicating that she would be well

---

[1] The questionnaire is a form this Court devised to assist pro se plaintiffs to provide automatic disclosures and focus on evidence needed to prove their claims.

enough, barring unforeseen problems, to participate at a conference after March 15, 2011, this Court scheduled a conference for March 22, 2011 to discuss discovery and set new deadlines.  See order filed on February 28, 2011 at 2 (ct. doc. 52).  In light of the delay resulting from the many adjournments in this case, this Court advised that "this matter must proceed through the discovery process" notwithstanding plaintiff's health issues.  Id. at 2.

At the conference on March 22, 2011, when defense counsel indicated that plaintiff had not provided any discovery, the Court directed counsel for defendants to re-serve discovery demands and ordered plaintiff to respond by April 29, 2011.  See Minute Entry dated March 22, 2011.  The Court directed plaintiff to cooperate in scheduling her deposition and to advise opposing counsel of the persons she intended to depose.  See id.  The day before the next conference scheduled for May 20, 2011, defense counsel filed a motion to compel because plaintiff had not responded to defendants' discovery demands as ordered.  See ct. doc. 58.  At the conference, this Court granted plaintiff's request for an opportunity to respond and adjourned the hearing on the motion to May 27, 2011.  Plaintiff did not submit any response and left a voice mail for defense counsel on the morning of May 27 stating that she was too ill to participate.

By Order dated June 1, 2011, after hearing nothing further from plaintiff, the Court granted defendants' motion to compel discovery and ordered plaintiff to provide defendants with all outstanding discovery in this matter.  See ct. doc. 62.

Plaintiff was warned pursuant to Rule 37 of the Federal Rules of Civil Procedure that if she didn't comply with the Court's orders, sanctions would be imposed. See id. The Court scheduled a telephonic conference for June 22, 2011, and due to plaintiff's previous failures to appear (for a number of different reasons), warned plaintiff to make best efforts to attend. Id.

Yet again, plaintiff neither provided the discovery ordered nor appeared at the June 22, 2011 conference. In response to plaintiff's failures, defendants requested that plaintiff's complaint be dismissed with prejudice because of her failure to comply with the Court's orders and to provide discovery. See ct. doc. 71. In an attempt to give plaintiff one final chance, the Court sanctioned plaintiff $100, but provided that if she pays $25 and provides the discovery previously ordered by August 5, 2011, the Court would waive the remainder of the sanction. See ct. doc. 72.

By letter dated August 5, 2011, defendants advised that plaintiff had not paid the $25 sanction or provided any additional discovery. See ct. doc. 73. It again requested that this Court recommend that the complaint be dismissed in its entirety.

DISCUSSION

Even though framed as a motion to dismiss, defendants' motion is essentially one for sanctions for failure to comply with a discovery order. Dismissal is simply one of the available sanctions enumerated under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure that a court may impose for failure to comply

-4-

with a discovery order.

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order ... dismissing the action or proceeding or any part thereof...

Fed. R. Civ. P. 37(b)(2)(C). Although it is well settled in this Circuit that the sanction of dismissal is a "harsh remedy [that] should be imposed only in rare situations," it is sometimes necessary "to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger." Update Art, Inc. V. Modin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988)(internal quotations omitted). This sanction may be imposed only if the Court (a) finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) gives notice that violation of the court's order will result in a dismissal of the case with prejudice. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had in fact been given, id. at 764, cert. denied, 499 U.S. 943 (1991). In addition, dismissal is appropriate only "after consideration of alternative, less drastic sanctions." Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 253 (2d Cir. 1996).

The Second Circuit considers five factors when reviewing a

district court's decision to dismiss for failure to prosecute. The factors are: 1) the duration of the plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and 5) whether the judge has adequately assessed the efficacy of lesser sanctions. See Samman v Coyers, 231 F.R.D. 163, 165 (S.D.N.Y. 2005)(citations omitted).

Since plaintiff's case was transferred to this Court nearly two years ago, this Court has encouraged plaintiff on the record at various conferences to cooperate with defendants and to comply with her discovery responsibilities. Despite the court's efforts to usher this case along through the discovery phase, plaintiff has not provided all of the requested discovery, nor has she made herself available to defendants for a deposition.

Also, although this Court has exercised restraint in delaying imposition of sanctions, plaintiff has been given ample notice that her noncompliance may result in the dismissal of her case. This Court has issued multiple orders encouraging plaintiff's compliance with discovery and warning her of possible sanctions should she not comply. See ct. docs. 61 and 62, 72. After Ms. Vasquez failed to participate at a telephonic conference on May 27, 2011, this Court directed plaintiff to respond to the defendants' outstanding discovery requests and "warned that if she refuses to comply with the Court's orders she

could be sanctioned pursuant to Rule 37(b)(2) of the Federal

Rules of Civil Procedure[, including] monetary fines, imposition

of costs and attorney's fees incurred by defendant and,

ultimately, even dismissal of this case."  Ct. doc. 61.

After Ms. Vasquez failed to provide the discovery ordered

and could not be reached for the next conference scheduled for

June 22, 2011,[2] this Court sanctioned her and ordered her to

produce the discovery by August 5, 2011.  See ct. doc. 72.  This

Court further warned plaintiff that "if she fails to comply with

this order, the Court may impose additional sanctions...,

including dismissal of this case and the imposition of fees and

costs incurred by defendant for moving to compel discovery."  Ct.

doc. 72 at 8.  Clearly, ample warnings have been given to warrant

imposition of severe sanctions available under Rule 37.

Valentine, 29 F.3d at 50 (citing Bobal v. Rensselaer Polytechnic

Institute, 916 F.2d 759, 766 (2d Cir. 1990)); McDonald v. Head

Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.

1988).

Third, defendants have been prejudiced given the extent to

which discovery has already been delayed by the plaintiff's

failure to comply.  See Peart v. City of New York, 992 F.2d 458,

462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay

---

[2] As noted in the order dated July 18, 2011, when this Court
attempted to contact her by calling her cell phone number,
someone picked up the first call and immediately disconnected.
Subsequent calls made went into voice mail, except for one call
which resulted in a busy signal.  See Order dated July 18, 2011
at 3-4, fn. 1 (ct. doc. 72).  Ms. Vazquez did not respond to the
voice mail messages left on her cell phone and has not
subsequently communicated with the Court.

may be presumed as a matter of law") (citing <u>Lyell Theatre Corp.</u>
<u>v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982)).  Defendants'
counsel has appeared at every conference, in contrast to the many
conferences at which plaintiff did not participate or left last
minute messages that she would not attend.  Because of
plaintiff's failure to respond to discovery requests, defendants
have brought a number of motions to compel.  Since plaintiff has
not communicated with counsel for defendants or this Court since
March 22, 2011, there is no reasonable likelihood that she will
comply with discovery obligations in the future.  Thus, I find
that any sanction short of dismissal would likely result in
additional prejudice to the defendants.  <u>See</u> <u>Stirrat</u>, 2002 WL
2212096, at *2 ("since a failure to grant dispositive relief
would likely leave the case pending for an indefinite time, it is
likely that some prejudice would result") (citing <u>Peart</u>, 992 F.2d
at 462).

    Relatedly, plaintiff's failure to participate in discovery
and at scheduled conferences has resulted in undue expenditure of
court resources.  Mindful of plaintiffs' health difficulties and
limited financial resources, the Court has attempted to
accommodate plaintiff by scheduling and re-scheduling seventeen
telephonic conferences in this matter.  Similarly, the Court has
attempted to facilitate communication with plaintiff, who lives
in Puerto Rico, via e-mail and telephone and made efforts to
contact her when she did not appear and to insure that she was
aware of conferences.  Despite several years of effort to
accommodate plaintiff and to insure that she has had a fair

chance to pursue her claims in the federal courts, plaintiff's lack of cooperation has halted progress in this case and contributed to further congestion of the Court docket, to the detriment of other pro-active litigants.

This Court has also considered and imposed lesser sanctions against plaintiff. Yet despite repeated stern warnings and the imposition of a $100 sanction which would have been reduced if plaintiff had complied, Ms. Vazquez has continued to ignore discovery obligations. Therefore, this Court concludes that no sanction short of dismissal would suffice at this point. Such a drastic sanction is appropriate here in order to deter plaintiff and other litigants from disobeying court orders and ignoring valid discovery requests. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); Fed. R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery").

## CONCLUSION

For the foregoing reasons, I respectfully recommend that defendants' request be granted and that the action be dismissed.

This report and recommendation will be filed, a copy sent electronically to the parties on this date and by overnight mail service to plaintiff. Any objections must be filed with the Clerk of the Court, with a copy to Judge Gershon, on or before October 11, 2011. Failure to file timely objections may waive

the right to appeal the District Court's Order.  <u>See</u> 28 U.S.C. §

636 (b)(1); Fed. R. Civ. P. 72.

     SO ORDERED.


Dated:     September 23, 2011
            Brooklyn, New York


                     _____/s/_____
                     MARILYN D. GO
                     United States Magistrate Judge